UNITED STATES DISTRICT COURT DISTRICT
SOUTHERN DISTRICT OF FLORIDA

LUIS SIERRA,

        Plaintiff,

v.

MAA2 ENTERPRISE USA INC., *et. al.*

        Defendants.

Case No. 16-CV-62990-WPD/Snow

## **CONSENT DECREE**

**THIS CONSENT DECREE** (the "Consent Decree") is entered into by and among LUIS SIERRA ("Plaintiff"), on the one hand, MAA2 ENTERPRISE USA INC. ("Subway") and HAIG & HAIG CONTRACTORS INC. ("Landlord") (Subway and Landlord are hereinafter referred to as "Defendants"), on the other hand, hereinafter collectively the "Parties."

**IT IS HEREBY** stipulated and agreed by and among the Parties as follows:

**WHEREAS,** Plaintiff filed this action against Defendants for alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("Title III" of the "ADA"), at the real property located at 1050 W. Sample Road, Pompano Beach, FL 33064 (the "Property"), pursuant to which Plaintiff sought a permanent injunction and attorneys' and expert's fees, expenses and costs;

**WHEREAS,** Defendants do not admit, and expressly deny, any violation(s) of any federal, state or local statute (including, but not limited to, the ADA), and state or municipal fire safety or building code, or any other wrongdoing or liability whatsoever;

**WHEREAS,** Plaintiff and Defendants have agreed to a settlement of this action;

1

**WHEREAS,** the Parties desire to avoid further expense, time, effort and uncertainty in regard to this action;

**WHEREAS,** it is the intention of the Parties to improve access to the Property for persons with disabilities, consistent with the standards for accessible design contained in the 2010 ADA Standards for Accessible Design.

**NOW, THEREFORE,** in consideration of the premises and the mutual covenants and undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties agree to the following terms and conditions as full and complete settlement of this action.

## ADA ACCESSIBILITY AND BARRIER REMOVAL

1.   The above recitals constitute part of this Consent Decree.  Plaintiff alleges in this action that certain physical barriers to access exist at the Property which restrict and/or limit Plaintiff's access to the Property.  In response to and in settlement of the allegations contained in the Complaint and all other allegations brought or which could have been brought in this action with respect to this Property, Defendants either (a) have already addressed and corrected or (b) agree to address and correct, as may be readily achievable and/or technically feasible, the alleged ADA violations as set forth in paragraph 17 of Plaintiff's complaint (the "Modifications").  In performing the Modifications, Defendants may avail themselves of any provision applicable under the ADA, the 2010 ADA Standards for Accessible Design, the Florida Accessibility Code and/or their respective implementing regulations relating to accessibility and the performance of barrier removal, alterations and/or modifications.  Defendants are not obligated to perform any barrier removal, alterations and/or modifications other than those expressly stated in this Consent Decree.

2. Defendants shall complete all Modifications within one (1) year from the full execution of this Consent Decree.

3. (a) Defendants shall complete the Modifications required by this Consent Decree within the timeframes set forth in Paragraph 2. However, if the Modifications are not timely completed due to acts of God, third parties or reasons beyond the control of Defendants (including, but not limited to, delay in obtaining or inability to obtain building permits, delay in obtaining or inability to obtain the consent of any other person or entity whose consent is required to complete the Modifications, failure of governmental inspectors to make inspections, shortages in construction materials, contractor defaults, work stoppages due to labor related disputes or weather conditions, etc.), then Defendants shall be allowed additional time in which to complete the Modifications and shall not be deemed to be in violation of the compliance date contained herein as long as Defendants provides written notice to Plaintiff's counsel of the delay, the reasons for the delay and the anticipated date of completion, and makes a good-faith effort to effect implementation as soon as reasonably practicable thereafter.

(b) In the event that all or part of a public accommodation on the Property where Modifications are to be performed are closed prior to any applicable completion date(s) and then reopened before the applicable completion date(s), then Defendants will have to make or complete any of the Modifications that would have been applicable to the part of the Property that was closed by the applicable completion date(s). In the event that all or part of a public accommodation on the Property where Modifications are to be performed are closed prior to any applicable completion date(s) and are not reopened, then Defendants will not be required to make or complete any of the Modifications that would

have been applicable to the part of the Property that is closed, or all of the Property in the event that the entire Property is no longer a public accommodation. If all or part of a public accommodation on the Property where Modifications are to be performed are closed prior to any applicable completion date(s) and then reopened after the applicable completion date(s), then Defendants will complete the Modifications by the time the applicable portion of the Property reopens, so long as the applicable portion of the Property is substantially the same when it reopens as when it closed.

### RIGHT OF INSPECTION FOR COMPLETION OF MODIFICATIONS

4.  Upon the completion of the Modifications, Defendants shall provide written notice by certified or registered mail, by facsimile and/or by e-mail to Plaintiff's counsel of such completion and shall (a) afford Plaintiff and Plaintiff's representatives reasonable access to the Property to verify completion of the Modifications, or, alternatively, (b) upon request by Plaintiff's counsel, provide Plaintiff with photographs reflecting completion of the Modifications, with such photographs being of a quality and nature sufficient for Plaintiff and Plaintiff's representatives to confirm completion of the Modifications. Nothing herein shall be construed to restrict or limit Plaintiff and/or Plaintiff's representatives from otherwise visiting or accessing the Property. Defendants' failure to provide notice to the Plaintiff as required in this Paragraph 4 shall not represent a breach of this Consent Decree, but neither shall it prelude Plaintiff and/or Plaintiff's representatives from verifying the completion of the work required by this Consent Decree.

### ENFORCEMENT PROVISIONS

5.  If Defendants provide notice of completion as set forth in Paragraph 4 above, then Plaintiff shall have thirty (30) days from the date of such notice to verify completion of the

Modifications or, alternatively, request photographs reflecting completion of the Modifications. If, upon such re-inspection or Defendants providing the requested photographs, Plaintiff contends that Defendants have failed to complete any Modifications, then, within thirty (30) days after the re-inspection or Defendants providing the requested photographs, Plaintiff shall provide to Defendants' counsel, via facsimile or e-mail, a detailed written report of the asserted issues of non-compliance ("Plaintiff's Report").  Defendants will have ninety (90) days after receipt of Plaintiff's Report to cure any of the deficiencies claimed in the Report.  The Parties will then engage in good-faith discussions regarding whether Plaintiff's claim(s) set forth in Plaintiff's Report have been cured, and, if appropriate, the Parties will settle any remaining dispute by seeking appropriate legal relief.  Except as set forth in Paragraph 7 below, the Parties agree they will each bear their own attorney's fees, expert witness fees, costs and/or expenses regarding the right of re-inspection/photograph request and enforcement provisions set forth in Paragraph 4 above and in this Paragraph 5.  If Plaintiff does not verify completion of the Modifications as set forth herein within thirty (30) days of Defendants' notice of completion, then Defendants shall be deemed to have fully and properly completed the Modifications.

6.  The Parties agree that this Consent Decree shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and/or assigns, including any successor owners, operators, lessors, or lessees of the Property.

7.  In any action to enforce this Consent Decree (which shall include the parties "seeking appropriate legal relief" as set forth in Paragraph 5 above), the prevailing party shall be entitled to recover its attorneys' fees, expert fees, litigation expenses and costs.

8.  The Parties acknowledge and agree that nothing contained herein shall prevent Defendants from assigning its rights and obligations under this Consent Decree to a

successor owner or operator of the Property. Should Defendants assign its rights and obligations under this Consent Decree to a successor owner or operator of the Property, the successor owner or operator assumes such rights and obligations in writing, and Plaintiff is provided notice of the assignment, then Plaintiff agrees that Defendants shall be released from any and all claims or causes of action relating to obligations set forth in this Consent Decree, including, but not limited to, any action taken to enforce the terms of this Consent Decree. Further, if Assignment occurs, and if the Modifications are not completed pursuant to the terms of this Consent Decree, then Plaintiff's sole remedy shall be against the successor to enforce the terms of this Consent Decree.

**PLAINTIFF'S FEES, EXPENSES AND COSTS**

9. Defendants shall pay or cause to be paid an amount representing payment for Plaintiff's attorney's fees, expert witness fees (if any), costs and expenses incurred in this action (the "Settlement Amount"). The Parties agree that the amount of the payment has been separately memorialized in writing and that amount is hereby incorporated into this Consent Decree by reference. Payment of the Settlement Amount shall represent full and complete payment for all of Plaintiff's and her attorney's and expert's claims for monetary relief, including fees, expenses and costs, which were raised or could have been raised in this action. Payment shall be made payable to "The Advocacy Group" and shall be sent to Plaintiff's counsel within ten (10) days of the entry of an order approving or entering this Consent Decree and dismissing this action with prejudice. Defendants shall have no role, responsibility, liability or interest regarding how the Settlement Amount is to be divided among Plaintiff's attorneys, Plaintiff's expert witness, or any other persons with claims to

the Settlement Amount. Except as set forth herein, each party to this Consent Decree shall bear its own fees, expenses and costs related to this action.

### **NON-DISPARAGEMENT**

10. The Parties agree that they will not make any disparaging, denigrating, demeaning or untrue statements about the other party or any person associated with the other party, including any officer, director, member, consultant, expert, or legal representative of the other party with respect to any of the issues raised, or which could have been raised in the above-captioned action.

### **NON-DISCRIMINATION/ NON-RETALIATION**

11. Defendants acknowledge that, pursuant to 28 C.F.R. § 36.206, it, its agents, and employees are under a duty not to discriminate against any individual because that individual has opposed any act or practice made unlawful by the ADA, or because any individual has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing regarding this matter or under the ADA, and not to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of, his or her having exercised or enjoyed, or on account of, his or her aid or encouragement of any other individual in the exercise or enjoyment of, any right granted or protected by the ADA.

### **RELEASE OF CLAIMS AND COVENANT NOT TO SUE**

12. (a) In exchange for the mutual covenants and the good and valuable consideration set forth herein, Plaintiff, along with all of Plaintiff's agents, successors, assigns, heirs, officers, directors, shareholders, employees, members, affiliated entities, along with anyone claiming by or through them, jointly and severally (collectively the

7

"Releasing Parties"), hereby release, acquit, satisfy, and discharge Defendants, along with their parent companies, subsidiaries, divisions, affiliates, related companies and persons, predecessors, successors, heirs, executors, administrators, assigns, shareholders, members, directors, officers, employees, agents, attorneys, and any lessors and/or lessees at the Property, including but not limited to Subway's franchisors, Subway Real Estate Corp., Doctor's Associates, Inc. d/b/a Franchise World Headquarters (collectively the "Released Parties"), jointly and severally, from any and all claims, causes, causes of action, damages, demands, liabilities, debts, judgments, expenses, equities and any and all other claims or suits of any kind, whether known or unknown, regarding the Property, from the beginning of the world to the date of this Consent Decree, including, without limitation, any and all claims pursuant to Title III of the ADA regarding the Property (and/or any other federal, state or local law governing physical access features for persons with disabilities at public accommodations, whether before any federal, state or local agency, court of law, or before any other forum) such as the claims that were asserted, or could have been asserted, in the above-captioned action, including all claims by the Releasing Parties for attorneys' fees and costs, expert fees and costs, or any other fee or cost, except as otherwise set forth herein; *provided that*, this release shall in no way limit Plaintiff's or the Court's ability to monitor and enforce Defendants' compliance with the terms of this Consent Decree.  The Parties agree and acknowledge that the release set forth in this Paragraph 12 is limited to claims regarding the Property.

      (b)    Excepting only this Action and any potential subsequent proceeding to enforce this Consent Decree, the Plaintiff represents and warrants that he has never commenced or filed, and Plaintiff covenants and agrees never to commence, file, aid, or in

any way prosecute or cause to be commenced or prosecuted against the Released Parties, or any of them, any action, charge, complaint, or other proceeding, whether administrative, judicial, legislative, or otherwise, pursuant to Title III of the ADA regarding the Property (and/or pursuant to any other federal, state or local law governing physical access features for persons with disabilities at public accommodations, whether before any federal, state or local agency, court of law, or before any other forum) such as the claims that were asserted, or could have been asserted, in this Action.

## COURT APPROVAL AND DISMISSAL WITH PREJUDICE OF THIS ACTION

13.     Within five (5) days of full execution of this Consent Decree, the Parties shall file a joint motion to approve and enter this Consent Decree and for dismissal with prejudice of this action, along with a copy of this Consent Decree.  Dismissal of this action with prejudice shall be a condition precedent for consummating Defendants' payment obligation set forth in Paragraph 9 above.  The joint motion shall request that the Court retain jurisdiction to enforce this Consent Decree.

## INTEGRATION/SEVERABILITY

14.     This Consent Decree constitutes the entire understanding and agreement of the Parties and supersedes all prior or contemporaneous negotiations or agreements (written or oral) and cannot be modified, amended or revoked except by the express written consent of all Parties.

15.     Nothing in this Consent Decree shall be construed to amend or modify the provisions of any lease agreement regarding the Property between the Defendants, or between either or both Defendants and any third party(ies).

16.	If any provision of this Consent Decree or any part of any provision of this Consent Decree is found to be invalid or unenforceable by a court of competent jurisdiction, such shall not affect the validity of any other provision(s) or part(s) of this Consent Decree.

## CONSTRUCTION/ AMBIGUITIES

17.	The Parties acknowledge that each Party has reviewed and participated in the drafting of this Consent Decree and that the rule of construction to the effect that any ambiguities are to resolved against the drafting party shall not be employed in its interpretation.

## WAIVER

18.	The failure of any party to assert any of its rights hereunder shall not constitute a waiver of such rights.

## GOVERNING LAW

19.	This Consent Decree shall be governed by and construed in accordance with the laws of the State of Florida and, where applicable, the ADA, without regard to principles of conflicts of law.  Any claim regarding this Consent Decree, or alleging a material breach of this Consent Decree, shall be filed in the above-styled Court, if it has jurisdiction, or if not then in the Circuit Court in and for Broward County, Florida.

## EXECUTION

20.	The Parties have read and understood this Consent Decree, have had the opportunity to discuss same with legal counsel, and have voluntarily agreed to sign the Consent Decree and agree to be bound thereby.

21. Each person executing this Consent Decree on each Party's behalf has been duly authorized to sign on behalf of the respective party and to bind each to the terms of the Consent Decree.

22. The Parties agree that this Consent Decree may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute but one and the same instrument. The Parties agree and acknowledge that a photocopy, facsimile copy, e-mail copy or scanned copy of an executed signature may be used in place of an original executed signature for any purpose.

## **NOTICE**

23. Any notice, correspondence, payment or other communication contemplated by or connected with this Consent Decree shall be directed as follows:

(a) If to Landlord:  Adam S. Chotiner, Esq.
Shapiro, Blasi, Wasserman & Hermann, P.A.
7777 Glades Road, Suite 400
Boca Raton, Florida 33434
Telephone (561) 477-7800
Facsimile (561) 477-7722
E-mail: aschotiner@sbwlawfirm.com

If to Subway:  Yasir Billoo, Esq.
International Law Partners LLP
2122 Hollywood Blvd.
Hollywood, FL 33020
Telephone (954) 374-7722
Facsimile (954) 212-0170
E-mail: ybilloo@intlawpartners.com

(b) If to Plaintiff:  Jessica L. Kerr, Esq.
Jaci Mattocks, Esq.
The Advocacy Group
333 Las Olas Way
CU3, Suite 311
Fort Lauderdale, Florida 33301
Telephone (954) 282-1858

Facsimile (844) 786-3694  
E-mail: jkerr@advocacypa.com  
jaci@advocacypa.com

24. The Parties expressly represent and warrant that they (a) have carefully read this entire Consent Decree, consisting of 24 numbered paragraphs and 12 pages; (b) fully understand the terms, conditions, and significance of this Consent Decree; (c) have had ample time to consider and negotiate this Consent Decree; (d) have had a full opportunity to review this Consent Decree with their respective attorneys and have done so; and (e) have executed this Consent Decree voluntarily, knowingly, and with the advice of their respective attorneys.

**LUIS SIERRA,**

By: _Luis L. Sierra_  
Luis Sierra

Date: 2/24/17

**HAIG & HAIG CONTRACTORS INC.,**

By: _____  
Signature

_____  
Print name and title

Date: _____

**MAA2 ENTERPRISE USA INC.,**

By: _____  
Signature

_____  
Print name and title

Date: _____

Facsimile (844) 786-3694
E-mail: jkerr@advocacypa.com
jaci@advocacypa.com

24.  The Parties expressly represent and warrant that they (a) have carefully read this entire Consent Decree, consisting of 24 numbered paragraphs and 12 pages; (b) fully understand the terms, conditions, and significance of this Consent Decree; (c) have had ample time to consider and negotiate this Consent Decree; (d) have had a full opportunity to review this Consent Decree with their respective attorneys and have done so; and (e) have executed this Consent Decree voluntarily, knowingly, and with the advice of their respective attorneys.

**LUIS SIERRA,**                                                **HAIG & HAIG CONTRACTORS INC.,**

By: _____                    By: _____
   Luis Sierra                                                                   Signature

                                                                              _____
                                                                              Print name and title

Date: _____                 Date: _____

**MAA2 ENTERPRISE USA INC.,**

By: _____
   Signature

   MUHAYMAD AMIN
   Print name and title

Date: 2/28/17

12

Facsimile (844) 786-3694
E-mail: jkerr@advocacypa.com
jaci@advocacypa.com

24. The Parties expressly represent and warrant that they (a) have carefully read this entire Consent Decree, consisting of 24 numbered paragraphs and 12 pages; (b) fully understand the terms, conditions, and significance of this Consent Decree; (c) have had ample time to consider and negotiate this Consent Decree; (d) have had a full opportunity to review this Consent Decree with their respective attorneys and have done so; and (e) have executed this Consent Decree voluntarily, knowingly, and with the advice of their respective attorneys.

**LUIS SIERRA,**

By: _____
     Luis Sierra

Date: _____

**MAA2 ENTERPRISE USA INC.,**

By: _____
     Signature

_____
Print name and title

Date: _____

**HAIG & HAIG CONTRACTORS INC.,**

By: _____/s/_____
     Signature

_Mark Haig  President_
Print name and title

Date: 2-28-17

12